Daniel, J.
This is the same cause, in which this Court granted a new trial heretofore. 3 Ired. 289. To the evidence then given the plaintiff has, on the last trial, made some addition. Rachel Ebbert testified, that the plaintiff, when in the defendant’s store, stood immediately on her left at the counter ; that the plaintiff had a bunch of ribbons in her hand, and, after she had examined them, handed them to the witness, who also examined them, and then laid them down on the counter on her right hand : and that, in fifteen minutes thereafter, she and the plaintiff and their company left the store, and she did not see them have any ribbons. This witness could not say, that the defendant saw her examine the ribbons or lay them down on the counter on her *397 right hand side. This testimony was offered to shew, that the defendant should not, as a reasonable man have placed any reliance on what had been told him by the witness Hartman. But the Judge said, that it did not appear from the said Rachel Ebbert’s testimony, that the defendant saw or noticed what she now deposes to ; and therefore the said evidence was immaterial in the cause. We concur with his HoNor for the reasons he gave. Secondly ; the time the plaintiff was in the defendant’s store was about the last of April or first of May, 1840: the plaintiff offered to prove, that the defendant’s ribbons were found in his store, in the month of June, 1840, in a fold of one of the bolts of cloth, that had been on the counter on the day the plaintiff was in his store. But this evidence was refused by the the Court. This evidence was offered for the purpose of shewing, that the defendant had not used reasonable diligence, in ascertaining whether his ribbons had been taken away or not, and also for the purpose of contradicting the defendant’s witness Hartman, who in his evidence had said, that the defendant did make two searches and examinations for the ribbons, in and among the goods and cloths that had been lying on the counter, when the plaintiff and her company were there. We think that the evidence, if admitted, could only have shewn, that the charge made by the defendant was untrue. It would not have established, that the defendant had, before that time, instituted the prosecution without probable cause, or had been either careless or negligent in searching for his ribbons. It would only have shewn, that he had not used the utmost degree of diligence to ascertain, whether the ribbons were carried from his store. The utmost possible diligence and search by him could not be required. Hartman said that the defendant made two searches among the goods for the ribbons, and he failed to find them. The fact,' ihat the ribbons were in the folds of some of the cloths, which had been lying on the counter, is no evidence to contradict Hartman, when he says that the defendant twice examined the goods. It would only prove, that the two searches made *398 by the defendant were not thorough; though, if honestly made, so that the defendant really believed then that the ribbons were gone, the ground of the prosecution would have appeare(j him as reasonable, as if the ribbons had been in fact taken. We are of opinion,- that all the faets and circumstances in the Case were of such a nature, as to induce the defendant, when he took out the warrant on the 22d of May 1840, really to believe that the plaintiff had stolen his ribbons, and in su'ch a case he is not liable to this kind of action,- as we said in the former case.
Per Curiam.. Judgment affirmed.